# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. APPLEGATE,<br><br>          Plaintiff,<br><br>     v.<br><br>SAID, M.D., et al.,<br><br>          Defendants. | **Case No. 1:16-cv-00289-JLT (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND CONSOLIDATION and GRANTING PLAINTIFF'S MOTION FOR A COPY OF THE COMPLAINT**<br><br>**(Docs. 6, 8)** |

Brian C. Applegate, filed a motion requesting a temporary restraining order and/or preliminary injunction seeking to compel prison officials and medical staff to provide him with various forms of medical treatment and for this action to be consolidated with a case he previously filed in this Court. (Doc. 8.) Approximately two weeks before that, Plaintiff filed a motion seeking a copy of the complaint, sans exhibits, as he was unable to keep one at the time he submitted it for filing. (Doc. 6.) For the reasons discussed below, Plaintiff's request for a temporary restraining order/injunctive relief is **DENIED**, his request for consolidation is **DENIED**, and his request for copies of the Complaint is **GRANTED**.

**I.     Injunctive Relief**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.*, at 24 (citations and quotations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Id.*, at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue, must adequately plead such a violation; . . ." *Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994) (citations and quotations omitted). It is subsequent to screening, such as in efforts to survive summary judgment, that a plaintiff "must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." *Id.*, at 845-46. However, at the pleading stage, the Court is not in a position to determine questions of a claim's merits which require submission of evidence as opposed to merely determining whether a claim has been stated. *Barrett v. Belleque*, 544 F.3d 1060 (9th Cir. 2008).

Plaintiff's Complaint is in line for screening. At this point, the Court has not ascertained that he has stated any cognizable claims, let alone that he is entitled to the relief he requests. However, even after screening, assuming that Plaintiff states at least one cognizable claim, his request for a temporary restraining order/injunctive relief cannot be adequately addressed until

1  evidence is submitted. Thus, his request must be denied at this time.

2  **II.      Consolidation**

3  In that same motion, Plaintiff states that he consents to consolidation of this action with

4  *Applegate v. Koker, et al.*, Case No. 1:15-cv-01054-MJS (PC). Plaintiff indicates that the actions

5  involve "similar state actor misconduct" and "similar underlying medical ailments" from which

6  Plaintiff suffers and for which he is seeking treatment. (Doc. 8.) However, the actions differ

7  because in this action he names different defendants and he claims the acts occurred at a different

8  state prison.

9  Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a

10 common question of law or fact," the court may consolidate the actions. District courts have

11 broad discretion to grant or deny consolidation. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203

12 (9th Cir. 2008); *see also In re Adams Apples, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In

13 considering whether to consolidate cases, the court "weighs the interest of judicial convenience

14 against the potential for delay, confusion and prejudice caused by consolidation." *S.W. Marine*

15 *Inc. v. Triple A Mach. Shop*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

16 In this instance, the only common thread between Plaintiff's cases is his underlying

17 medical condition. The actions do not share commonality of defendant actors, location, nor

18 factual allegations. While both actions, presumably involve allegations of deliberate indifference

19 to Plaintiff's medical needs under the Eighth Amendment, this is not enough to warrant

20 consolidation. Further, the defendants in Plaintiff's other case have filed a motion for summary

21 judgment based on Plaintiff's alleged failure to exhaust available administrative remedies prior to

22 filing suit, while this action has yet to be screened. Procedurally, consolidation is not feasible.

23 Plaintiff provides no basis upon which to find a benefit to consolidation of his two actions and the

24 Court finds none. Thus, consolidation of this case with 1:15-cv-01054-MJS is properly denied.

25 **III.     Copies of Pleading**

26 In Plaintiff's other motion, he requests a copy of the Complaint he filed in this action, but

27 not the voluminous exhibits attached thereto -- i.e. only the first 26 pages of Doc. 1. (Doc. 6.)

28

Plaintiff asserts that he was unable to keep a copy for his records due to fear of retaliation.[1] Though it is not the Court's practice to provide free copies of filings by a party, the Court will make an exception **this one time**.  In the future, if Plaintiff wants a copy of a documents from the Court, he must pay $0.50/per page and must make payment to the Clerk of the Court in advance.

**IV.     Order**

Accordingly, the Court **ORDERS**:

1. Plaintiff's request for a temporary restraining order/injunctive relief in the motion he filed on March 30, 2016 (Doc. 8) is **DENIED** without prejudice;
2. Plaintiff's request for consolidation of this action with *Applegate v. Koker, et al.*, Case No. 1:15-cv-01054-MJS (PC) in the motion he filed on March 30, 2016 (Doc. 8) is **DENIED**;
3. Plaintiff's request for a copy of the pages of the Complaint, containing his factual allegations, but not the exhibits, in the motion he filed on March 14, 2016 (Doc. 6), is **GRANTED**; and
4. The Clerk of the Court is directed to send Plaintiff a copy of the first 26 pages of the Complaint, (Doc. 1, pp. 1-26).

IT IS SO ORDERED.

Dated:  **July 25, 2016**                              **/s/ Jennifer L. Thurston**
                                                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] This explanation makes little sense.  If he was at risk of retaliation at the time he submitted his complaint *merely because* he kept a copy of the complaint, exactly why this risk is eliminated if the Court pays to make the copy of the complaint and provide it tom him, is not clear.  Plaintiff is advised that the Court WILL NOT again provide him copies of any of his filings unless he pre-pays for them.  Maintaining a copy of his filings is his obligation and he cannot shift the cost of doing so to the Court.